PRINCE BESSEY *vs.* BARTHOLEMEW K. VOSE.

Waldo.    Opinion February 25, 1882.

*Attachment.    Officer's return.    Evidence.    Amendment.    Practice.*

The legal evidence of an attachment of real estate is the officer's return on the writ.    Such return creates no lien unless the officer makes to the register of deeds the return required by the statute.

The officer's return on the writ was dated October 5, 1876, at one o'clock, P. M. and the certified copy returned to the register of deeds is of a return bearing date October 18, 1876; *Held*, that the attachment created no lein.

The officer's return of an attachment of real estate cannot be amended as against an intervening purchaser by deed of warranty, for value.

Changing and altering a writ and officer's return after they had performed their function of creating a lien upon the debtor's real estate and continuing it for six months, for the purpose of giving them new vitality, is a practice not to be encouraged, if it can be sanctioned.

ON REPORT.

Real action.    Plea, the general issue.

The facts are stated in the opinion.

*Thompson and Dunton* for the plaintiff, cited: *Parsons* v. *Shorey*, 48, N. H. 550; *Dearborn* v. *Twist*, 6 N. H. 44; *Eastman* v. *Morrison*, 46 N. H. 136; *Lyford* v. *Bryant*, 38 N. H. 88; *In re Marson*, 70 Maine, 513; *Means* v. *Osgood*, 7 Maine, 146; *Berry* v. *Spear*, 13 Maine, 187; *Fairfield* v. *Paine*, 23 Maine, 498; *Drew* v. *Alfred Bank*, 55 Maine, 450; *Farrin* v. *Rowse*, 52 Maine, 409; R. S., c. 81, § 56; Maine Civ. Off. (4th ed.) 103, 104.

*William H. Fogler,* for the defendant.

It is claimed that the writ was *functus officio* at the time of the attachment of October 18, 1876.    The defect, if there was one in the writ, could only have been taken advantage of in abatement.    *Richardson* v. *Rich*, 66 Maine, 249; *Maine Bank* v. *Hervey*, 21 Maine, 38.    The objection is not open to this plaintiff.

The mistake of the officer in his return did not affect the attachment. There was enough to charge the subsequent purchaser, this plaintiff, with constructive notice of the attachment.

The true rule in such cases is stated in *Whittier* v. *Varney*, 10 N. H. 301, as follows : "And we are of the opinion that these considerations indicate the true rule on this subject." The subsequent purchaser or creditor being chargeable with constructive notice of what is contained in the record, if he has sufficient to show him that all the requisitions of the statute have probably been complied with, and he will, notwithstanding, attempt to procure a title, under the debtor, he should stand chargeable with notice of all the facts, the existence of which is indicated and rendered probable by what is stated in the record, and the existence of which can satisfactorily be shown to the court." And in such cases amendments should be allowed notwithstanding the intervening interests of such purchaser or creditor. He must be held to have purchased or levied, taking the chance whether the officer could in fact show that he had fully performed his duty, and subject to a right in the officer to amend by leave of court, upon satisfactory evidence, showing that amendment may be truly made.

The same rule obtains in this state. *Buck* v. *Hardy*, 6 Greenl. 162·; *Fairfield* v. *Paine*, 23 Maine, 498 ; *Knight* v. *Taylor*, 67 Maine, 591.

In Massachusetts the law has been so held by repeated decisions of the court of that state. *Haven* v. *Snow*, 14 Pick. 28 ; *Johnson* v. *Day*, 17 Pick. 106 ; *Hovey* v. *Wait, Id.* 196.

LIBBEY, J. The officer's return upon the writ is the only evidence of a valid attachment of real estate. *Carlton* v. *Ryerson*, 59 ·Maine, 438. The return required to be made to the registry of deeds and its record are notice of the attachment to the public. By the officer's return on the writ, (*Vose* v. *Banton*,) and his return to the registry of deeds, it does not appear that any lien was created by the attempted attachment, because it appears that no attested copy of the officer's return of

the attachment upon the writ was deposited in the registry of deeds.

But the defendant asked leave in the court below for the officer to amend his return on the writ by making it conform to his return to .the registry of deeds, which it is claimed is in accordance with the fact, and if the court is of opinion that the amendment is allowable it is to be regarded as made, and the action is to stand for trial.

We think the amendment should not be allowed for two reasons: 1. Any person having occasion to examine Banton's title, finding the officer's return to the registry on record, was referred directly to the writ and the officer's return of the attachment theron, to enable him to determine what claim was in suit, to secure which the attachment was made, and whether the officer's return showed a valid attachment. The return to the registry purported to be a copy of a return of an attachment on the eighteenth day of October, 1876. If the plaintiff examined the writ and officer's return, as he had a right to do, he found no such attachment upon it, but one purporting by the return to have been made on the fifth of October, 1876, "one hour P. M."

We think the rule well established that the officer's return of an attachment of real estate, or of a levy upon it, cannot be amended to affect the title of an intervening purchaser, for full value, unless there is sufficient appearing by the return to give third parties notice that all the requirements of law have probably been complied with. *Berry* v. *Spear*, 13 Maine, 187 ; *Fairfield* v. *Paine*, 23 Maine, 498 ; *Milliken* v. *Bailey*, 61 Maine, 316.

Cases may occur where some fact which the technical rule of law requires should affirmatively appear, may not be directly stated in the return, and still enough may appear to give third parties reasonable notice that the law in that respect was complied with. *Knight* v. *Taylor*, 67 Maine, 591. But this is not a case of a failure of the officer to state an essential fact in his return; it is a case where the fact is affirmatively and positively stated. True the officer's return to the registry may be. admitted to impeach his return upon the writ, by showing that the return to the registry is not a copy of the return of attachment upon the writ,

and that therefore no lien was created, (*Dutton* v. *Simmons*, 65 Maine, 583) but it cannot be admitted as evidence of a valid attachment. That can only be shown by the return upon the writ.

To require the plaintiff to take notice that in fact the attachment was on the eighteenth of October, and not on the fifth of October, at one o'clock, P. M. would require him to believe the pretended copy to be true, and the original return false. The plaintiff had a right to assume, that, if an attachment had been made on the eighteenth of October, it had been made on another writ between the parties, as the return upon the writ in evidence showed that no such attachment had been made upon it.

2. The other reason is found in the facts disclosed in the case. The writ, *Vose* v. *Banton*, was first dated April 5, 1876, returnable on the third Tuesday of October; and an attachment was made and duly returned upon it by Tucker, deputy sheriff, on the fifth of April, 1876, "*1 hour P. M.*" The writ was not served on Banton, but was kept till October, when it was altered by making it returnable on the first Tuesday of January, 1877, and dated October 5, 1876. The date of the officer's return of attachment upon it, was changed to "October 5, 1876, 1 hour P. M." It does not appear in the statement of facts, that the date of the return was altered by the officer. If it was altered by him, it would be evidence that he then had the writ in his hands, and intended to make the second attachment of that date; and in such case he ought not to be allowed to make the proposed amendment. But the original writ is made a part of the case, and by an examination of it, and of the hand writing in which the writ, the alteration of the return day and date, and of the officer's return, and the alteration of its date, — the writ and all the alterations appear to have been made by the same hand, but not by the counsel who now represents the defendant. The alteration of the date of the return does not appear to be in the hand writing of the officer. The return of the first attachment April 5, 1876, was the official return of the officer on the writ as it was first made; and if its date was afterwards altered by the plaintiff or some one in his behalf, after the writ was changed, it

was not the official return of the officer of a new attachment, and the writ had no official return of attachment upon it. If such is the fact, the officer should not now, as against the plaintiff, be permitted to make a valid return of an attachment as of the eighteenth of October, 1876.

Indeed, the practice disclosed in this case, of changing and altering the writ and officer's return after they had performed their function of creating a lien upon the debtor's real estate, and continuing it for six months, for the purpose of giving them new vitality, is not to be encouraged, if it can be sanctioned.

*Judgment for the plaintiff.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and SYMONDS, JJ., concurred.